IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ESTATE OF BOBBI J. PAINTER, Deceased, )<br>UNKNOWN HEIRS AND/OR DEVISEES )<br>OF BOBBI J. PAINTER, Deceased, ALLIE JO )<br>PAINTER, UNKNOWN OWNERS, and )<br>NON-RECORD CLAIMANTS, )<br>)<br>    Defendants. ) | Civil No.  2020-cv-53 |

## **COMPLAINT**

The plaintiff, United States of America, by its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Adam E. Hanna, Assistant United States Attorney, pursuant to 28 U.S.C. § 1345, alleges the following cause of action for foreclosure:

1. Plaintiff files this complaint to foreclose the mortgage or other conveyance in the nature of a mortgage, arising in Richland County, in the Southern District of Illinois, and to join the following persons as defendants:

> Estate of Bobbi J. Painter, deceased, Unknown Heirs and/or Devisees of Bobbi J. Painter, Deceased, Allie Jo Painter, Unknown Owners, and Non-Record Claimants

2. Attached as Exhibit "A" is a copy of the mortgage; Exhibit "B" is a copy of the note secured thereby; and Exhibit "C" is the notice of acceleration.

3. Information concerning mortgage:

    a.    Nature of instrument:    Mortgage

    b.    Date of mortgage:    Ex. A, January 15, 2009

    c.    Name of mortgagor:    Ex. A, Bobbi J. Painter

| | | |
|---|---|---|
| d. | Name of mortgagee: | United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture |
| e. | Date and place of recording: | Ex. A, January 16, 2009, Richland County, Illinois |
| f. | Identification of recording: | Ex. A, recorded in Mortgage Record Book 2009 at Page 376, Richland County, Illinois |
| g. | Interest subject to the mortgage: | Fee Simple |
| h. | Amount of original indebtedness, including subsequent advances made under the mortgage: | $60,500.00 |

i. Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

   (1) Legal description of the mortgaged premises:

   Lot Five (5) in Block Eight (8) in A. Kitchell's Third Addition to the City of Olney, Situate in the County of Richland and State of Illinois.

   Property ID No. 11-03-129-006

   (2) Common address or location of mortgaged premises:

   527 W. Elm Street, Olney, Illinois 62450

j. Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid principal balance, per diem interest accruing, and any other information concerning the default:

   (1) Mortgagors have not paid the monthly installments of principal, interest, taxes, and/or insurance for June 7, 2016, through the present, and the secured note is in default and arrears in the total amount of $40,527.20.

   (2) The current unpaid principal balance is $54,318.75, the interest is $12,366.48, the unpaid fee balance is $15,651.26, and the fee interest balance is $1,581.73, for a total of $83,918.22.

   (3) The total amount now due is $83,918.22 as of January 8, 2020, plus interest accrued thereafter, court costs, title costs, and plaintiff's attorney fees.

   (4) The per diem interest accruing under the mortgage after default is $10.2961.

   (5) Taxes due: year 2018 due and payable in 2019 have been paid

k. Name of present owner of the real estate: Estate of Bobbi J. Painter, deceased

l. Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Allie Jo Painter, daughter of Bobbi J. Painter, deceased

Plaintiff's mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title, interest, claim or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

m. Names of defendants claimed to be personally liable for deficiency, if any:

Not applicable.

n. Capacity in which plaintiff brings this foreclosure:

As the owner and legal holder of said note, mortgage, and indebtedness.

o. Facts in support of shortened redemption period, if sought:

We are requesting the redemption period be shortened to 60 days due to the fact the fair market value of the mortgaged real estate is less than 90 percent of the amount of the judgment requested in the complaint.

p. Statement that the right of redemption has been waived by all owners of redemption, if applicable:

Rural Development waives any and all rights to a personal deficiency judgment against the defendant.

q. Facts in support of request for attorney's fees, costs, and expenses, if applicable:

        Plaintiff has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorney's fees, court costs, title insurance or abstract costs, and other expenses that should be added to the balance secured by the mortgage.

r.    Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:

    Not applicable.

s.    Plaintiff does NOT offer to mortgagor in accordance with 735 ILCS § 5/15-1402, to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

t.    Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

    Estate of Bobbi J. Painter, deceased

4.    The statements contained in the statutory form complaint authorized by 735 ILCS § 5/15-1504(a) are "deemed and construed" to include the factual allegations provided by 735 ILCS § 5/15-1504(c), (d), and (e).

## REQUEST FOR RELIEF

Plaintiff requests:

1.    A judgment to foreclosure and sale.

    a.    That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff.

    b.    That the mortgagor be ordered to pay to the plaintiff before expiration of any redemption period (or, if no redemption period, before a short date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with attorney's fees and costs of the proceedings (to the extent provided in the mortgage or by law).

    c.    That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the

        interest thereon at the federal rate from the date of judgment pursuant to 28 U.S.C. § 1961(a).

    d.    That if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate.

2. An order granting a shortened redemption period, if sought.

3. An order granting possession, if sought.

4. An order placing the mortgagee in possession or appointing a receiver, if sought.

5. A judgment for attorney's fees, costs, and expenses, if sought.

6. Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff also requests that the judgment for foreclosure and sale or other orders entered herein provide for the following pursuant to 735 ILCS § 5/15-1506(f):

1. A sale by public auction.

2. A sale by open bid.

3. A judicial sale conducted by the United States Marshal or his representative, at which the plaintiff is entitled to bid.

4. That title in the real estate may be subject, at the sale, to exceptions including all general real estate taxes payable as of the date of entry of the judgment of foreclosure, any special assessments on the real estate, and easements and restrictions of record.

5. In the event a party to the foreclosure is a successful bidder at the sale, that such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

UNITED STATES OF AMERICA

STEVEN D. WEINHOEFT
United States Attorney

*s/ Adam E. Hanna*

ADAM E. HANNA
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois  62208-1344
Phone:  (618) 628-3700
Fax:  (618) 622-3810
E-mail:  Adam.Hanna@usdoj.gov